Steven KING d/b/a King Construction, Plaintiff–Appellant,

v.

Dennis E. GUSTAFSON, Defendant,

Glenn W. Gustafson, Nancy W. Swan, Nelda A. Gustafson, Defendants–Appellees,

The Prudential Insurance Company of America, the United States of America, and Storm Lake Production Credit Association, Defendants.

No. 89–125.

Court of Appeals of Iowa.

May 24, 1990.

---

R.J. Tilton of Nepper & Tilton, Denison, for plaintiff-appellant.

Thomas E. Gustafson of Gustafson Law Firm, Denison, for defendants-appellees.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

In this mechanic's lien action, the appellant appeals the decision of the district court which entered judgment against Dennis Gustafson but denied appellant's claims against appellees. We affirm in part and reverse in part.

In the summer of 1984, appellant, King Construction, was contacted by Dennis E. Gustafson concerning the construction of a dam on land owned by Dennis Gustafson and appellees. At some point in the negotiations, appellant learned that Dennis was not the sole owner of the property. Appellees, Dennis's siblings, along with Dennis, each owned as tenants in common a one-quarter interest in the real estate in question.

The Agricultural Stabilization and Conservation Service (ASCS) agreed to partially fund the construction of the dam. However, as a condition to their partial contribution, the ASCS required the construction of terraces.

On September 8, 1984, appellant and Dennis entered into a written contract for the construction of the dam. Upon questioning by appellant, Dennis assured appellant that he had power of attorney to sign for appellees. Dennis also informed appellant that he had not yet told one of his sisters of the project. Appellant made no attempt to verify Dennis's assertions; nor did he contact any of the appellees prior to September 18, 1984, the day he began work on the project.

The appellees saw the project in progress on or near October 20, 1984. Appellant completed his work on December 4, 1984. The work performed by appellant had a fair and reasonable value of $33,224, with the terracing having a value of $6,123.50. Appellant received a $3,500 cost-share check for the terracing. He also received cost-share checks totaling $8,000 from the State of Iowa and Crawford County for the dam. Additionally, subsequent to completion of the project, Glenn W. Gustafson issued two checks to appellant totaling $3,000.

On March 5, 1985, appellant filed a mechanic's lien against the property. On De-

cember 19, 1986, appellant instituted the instant action against Dennis Gustafson and appellees to foreclose his mechanic's lien. On June 16, 1987, a default judgment was entered against Dennis and foreclosure of his one-fourth interest in the property was ordered. The case against appellees proceeded to trial. The trial court found that Glenn Gustafson had ratified his indebtedness for the terracing work, but determined the terracing debt had already been satisfied. Additionally, the court found neither appellees Nancy W. Swan nor Nelda Gustafson were liable for any indebtedness. Appellant has appealed the district court's decision.

On January 24, 1989, a sheriff's sale was held as to the undivided one-fourth interest owned by Dennis in the real estate. Appellant purchased the property for $96,000. The appellant's entire debt, including interest and attorney fees, was paid. Thus his judgment has been satisfied.

An action to enforce a mechanic's lien lies in equity. Iowa Code § 572.26 (1985). As such, our review here is de novo. Iowa R.App.P. 4. It is our responsibility to review the whole record and determine from the credible evidence the parties' rights anew on those propositions properly presented. Although we give weight to the findings of the trial court, especially when considering the credibility of witnesses, we are not bound by them.

## I.

■ Initially, we address appellees' contention that the issues raised in this appeal were rendered moot by the satisfaction of appellant's judgment. Iowa Code section 572.32 requires the awarding of attorney fees to those plaintiffs who successfully enforce a mechanic's lien. Appellant asserts he has incurred attorney fees of $8,454.63 in prosecution of this action against appellees, exclusive of appellate attorney fees.[1] Since resolution of this matter in appellant's favor would entitle him to these attorney fees, the case is not moot.

## II.

■ Appellant first asserts the trial court erred in not finding Dennis E. Gustafson to have acted as appellees' agent. The burden of proving an agency relationship falls upon the party seeking to asserts its existence. *Farmers Grain Co. v. Irving,* 401 N.W.2d 596, 601 (Iowa App.1986); *see Chariton Feed and Grain Co. v. Harder,* 369 N.W.2d 777, 789 (Iowa 1985). The Iowa Supreme Court has defined an agency relationship as:

a fiduciary relationship resulting from the manifestation of consent by one person, the "principal," that another, the "agent," shall act on the former's behalf and subject to the former's control and from consent by the latter to so act.

*Irving,* 401 N.W.2d at 601.

Upon de novo review of the facts, we conclude that while no evidence was presented at trial that Dennis had express authority to act as an agent for his siblings, appellant proved the existence of an implied agency relationship between Dennis and appellees. *See Abodeely v. Cavras,* 221 N.W.2d 494, 501 (Iowa 1974).

While appellees and Dennis E. Gustafson each owned an undivided one-fourth interest in the real estate, Dennis basically ran the property as he saw fit, without appellees' input or approval. Although we conclude Dennis was an implied agent of appellees, we further conclude that Dennis exceeded the scope of his implied authority. The contracting of the construction work did not constitute an ordinary and necessary expense for the operation and maintenance of the land. *See generally* 2A C.J.S. *Agency* § 204 (1972).

## III.

■ Appellant next asserts the trial court erred in finding appellees had not ratified the contract between appellant and Dennis.[2] The basic elements of ratification are (1) the presence of a principal; (2) an

---

1. Attorney fees of $1,729.76 were included in appellant's judgment against Dennis Gustafson.

2. The trial court did find that Glenn Gustafson had ratified that portion of the contract pertaining to the terracing work.

act conducted by an agent; (3) knowledge of material facts by the principal; and (4) the principal's intent, either express or implied, to ratify the agent's act. *Abodeely v. Cavras*, 221 N.W.2d 494, 503 (Iowa 1974). Appellant failed to prove that either Nelda Gustafson or Nancy Swan intended to ratify the contract between Dennis and appellant. The intent to ratify may be express or implied. *See Cavras*, 221 N.W.2d at 503. No evidence exists of an express ratification by Nancy or Nelda. Appellant points to Nelda and Nancy's failure to actively repudiate the contract as evidence of implied ratification. The flaw in appellant's argument lies in the fact that both women were totally unaware of the terms and conditions of the construction project until well after its completion.

## IV.

▪ Appellant's final argument is that the trial court erred in finding Glenn Gustafson had only ratified the agreement in regard to the terracing work and in finding that the costs of the terracing had been fully paid.[3] We conclude that Glenn Gustafson ratified not only the terracing work, but also the dam construction project.

We note the total cost of the terracing work was $6,123.50. ASCS paid $3,500 for the terracing. Glenn Gustafson issued two checks to appellant. The one, issued in the amount of $1,000 on December 29, 1984,

clearly states it was for terracing. The second check, which was not admitted as an exhibit at trial, was for $2,000. The total of these checks exceeds the remaining balance owed for the terracing work. The conclusion to be garnered from this set of circumstances is that Glenn had ratified the entire project and was attempting to reduce the overall debt on the project. Additionally, we note Glenn used his payments on the project as a tax deduction. This evidences an intent on his part to ratify the contract for the entire project. Finally, Glenn never declared he was only ratifying a portion of the contract when he made his payments to appellant.

Since we have determined the trial court should have found that Glenn ratified the entire project, we find it necessary to remand to the trial court in order for that court to consider appellant's claim for attorney fees.[4] The costs of this appeal shall be assessed equally between appellant and appellee Glenn W. Gustafson.

AFFIRMED IN PART AND REVERSED IN PART.

---

**3.** We note appellee Glenn Gustafson has not filed an appeal on this issue, nor does he challenge the trial court's finding that he ratified that portion of the agreement regarding construction of the terraces.

**4.** While typically we would require the district court to enter judgment against Glenn for $19,-

553.33, we need not do so here since that judgment has already been satisfied by the sheriff's sale of Dennis's interest in the real estate.